**ESTATE OF Leander NEISEN, Deceased, Elizabeth Neisen, Personal Representative, Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 88–1849.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1988.

Decided Dec. 1, 1988.

Gary R. Allen, William S. Rose, Jr. and Richard Farber, Washington, D.C., for appellant.

James O. Ramstad, Detroit Lakes, Minn., and Juan D. Keller, St. Louis, Mo., for appellee.

Before HEANEY and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

The Commissioner of Internal Revenue appeals the decision of the Tax Court allowing Neisen's estate to claim an unlimited marital estate tax deduction under section 2056 of the Internal Revenue Code, 26 U.S. C. § 2056 (1954 & Supp.1988). We affirm.

Leander Neisen died testate on April 20, 1982. His will, executed in 1980, contains a

---

* The HONORABLE EARL R. LARSON, United States Senior District Judge for the District of

Minnesota, sitting by designation.

standard marital deduction provision, which provides in pertinent part:

> If my wife, ELIZABETH NEISEN, shall survive me, I give her, absolutely and forever, that amount which is the minimum necessary to secure the lesser of (a) the maximum marital deduction allowable for federal estate tax purposes and (b) the minimum marital deduction which, after taking into account the unified credit available to my estate for federal estate tax purposes, will result in no federal estate tax * * *.

The issue before this Court is whether this provision constitutes a maximum marital deduction clause under the transitional rule of section 403(e)(3) of the Economic Recovery Tax Act of 1981, Pub.L. 97–34, 1981 U.S.Code Cong. & Ad.News (95 Stat.) 305 (codified as amended in note to 26 U.S.C. § 2056) (Supp.1988)), thereby precluding Neisen's estate from qualifying for an unlimited marital deduction under section 2056.

Under section 2056(c), in effect at the time the will was executed, the maximum marital deduction was limited to the greater of $250,000 or 50 percent of the value of the adjusted gross estate. Section 403(a)(1)(A) of the Economic Recovery Tax Act of 1981 repealed this limit and permitted an unlimited marital deduction for the estates of persons dying after December 31, 1981. Congress also enacted a transitional rule which provides in pertinent part:

> If—
> (A) the decedent dies after December 31, 1981,
> (B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date of the enactment of this Act, ... which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law,

> (C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and

> (D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal law as amended by ... [section 403(a) of ERTA],

> then the amendment made by ... [section 403(a) of ERTA] shall not apply to the estate of such decedent.

Economic Recovery Tax Act, § 403(e)(3).

The Commissioner argues that Neisen died after December 31, 1981, his will was executed before that date, Neisen did not amend his will after that date, and the will contains a formula expressly giving Neisen's wife the maximum amount of property for a marital deduction allowable by law. As a result, the Commissioner believes Neisen's estate is limited to a marital deduction 50 percent of the value of the adjusted gross estate.

The Tax Court held, however, that section 403(e)(3) is inapplicable to the facts of this case as Neisen's will does not contain a "maximum marital deduction formula" within the meaning of the transitional rule. After a careful review of the record, we affirm the Tax Court's decision on the basis of its well-reasoned opinion. *See* 8th Cir.R. 14.