ESTATE OF LEANDER NEISEN, DECEASED, ELIZABETH NEISEN, PERSONAL REPRESENTATIVE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4909-86.          Filed October 28, 1987.

*James O. Ramstad,* for the petitioner.
*Gail K. Gibson,* for the respondent.

## OPINION

STERRETT, *Chief Judge:*\* By notice of deficiency dated January 3, 1986, respondent determined a deficiency in petitioner's Federal estate tax in the amount of $127,065.68. Due to concessions by petitioner, the only issue presented in this case is whether section 403(e)(3), Economic Recovery

---

\*By order of the Chief Judge, this case was reassigned to the Chief Judge for opinion and decision.

Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305, precludes petitioner from qualifying for an unlimited marital deduction under section 2056.[1]

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and exhibit attached thereto are incorporated herein by this reference.

Petitioner is the Estate of Leander Neisen, Elizabeth Neisen, personal representative. Elizabeth Neisen is and at all relevant times has been the sole personal representative of petitioner. At the time the petition was filed in this case, Elizabeth Neisen resided in Mahnomen, Minnesota. Petitioner filed its Federal estate tax return with the Office of the Internal Revenue Service in Ogden, Utah.

Leander Neisen (hereinafter decedent) died testate on April 20, 1982, survived by his wife, Elizabeth Neisen, and six children. His will, which decedent executed on January 31, 1980, and did not amend or revoke prior to his death, contains a formula marital deduction provision, which reads, in pertinent part, as follows:

If my wife, ELIZABETH NEISEN, shall survive me, I give to her, absolutely and forever, that amount which is the minimum necessary to secure the lesser of (a) the maximum marital deduction allowable for federal estate tax purposes and (b) the minimum marital deduction which, after taking into account the unified credit available to my estate for federal estate tax purposes, will result in no federal estate tax. * * *

On its Federal estate tax return, petitioner claimed a marital deduction in the amount of $1,015,207.14. In his notice of deficiency, respondent determined that petitioner was entitled to a marital deduction of only $633,532.39, stating, in relevant part, as follows:

The $1,015,207.14 shown as a marital deduction is reduced by $381,674.75 because the interest passing to the surviving spouse is determined by a formula marital deduction will provision which was not modified or amended after the enactment of the Economic Recovery Tax Act of 1981, section 403(e). Since the decedent did not modify his will to allow the unlimited marital deduction, the allowable marital deduction is $633,532.39 which is one-half of the adjusted gross estate. * * *

---

[1]Unless otherwise indicated, all sections referred to are sections of the Internal Revenue Code of 1954 as amended and in effect at the time of decedent's death, and all rules referred to are rules of the Tax Court Rules of Practice and Procedure.

We must decide whether section 403(e)(3), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305 (hereinafter act section 403(e)(3)), precludes petitioner from qualifying for an unlimited marital deduction under section 2056. This Court has not previously decided a case involving the application of act section 403(e)(3), and, therefore, the issue presented is one of first impression.

Under section 2056(c), as in effect on the day decedent executed his will (January 31, 1980), the maximum estate tax marital deduction was limited to the greater of $250,000 or 50 percent of the value of the adjusted gross estate. This section was repealed by section 403(a)(1)(A), Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 301, the effect of which was to permit an unlimited marital deduction for estates of decedents dying after December 31, 1981. However, Congress was concerned that this change in the law might also change the intended effect of provisions in wills that were executed prior to the passage of ERTA. This concern was expressed in the Senate committee report as follows:

Because the maximum estate tax marital deduction under present law is limited to the greater of $250,000 or one-half of the decedent's adjusted gross estate, many existing wills and trusts provide a maximum marital deduction formula clause. The committee is concerned that many testators, although using the formula clause, may not have wanted to pass more than the greater of $250,000 or one-half of the adjusted gross estate (recognizing the prior law limitation) to the spouse. For this reason, a transitional rule provides that the increased estate tax marital deduction, as provided by the bill, will not apply to transfers resulting from a will executed * * * before the date which is 30 days after enactment, which contains a maximum marital deduction clause provided that: (1) the formula clause is not amended before the death of the decedent to refer specifically to an unlimited marital deduction, and (2) there is not enacted a State law, applicable to the estate, which would construe the formula clause as referring to the increased marital deduction as amended by the bill. [S. Rept. 97-144 (1981), 1981-2 C.B. 412, 462.[2]]

The transitional rule referred to in the above-quoted passage from the Senate report is contained in act section 403(e)(3), which provides, in pertinent part, as follows:

[2]The House committee report contains similar language. See H. Rept. 97-201 (1981), 1981-2 C.B. 352, 379-380. See also Staff of Joint Comm. on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 239-240 (J. Comm. Print 1981).

If—

(A) the decedent dies after December 31, 1981,

(B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date of the enactment of this Act, * * * which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law,

(C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and

(D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal law as amended by * * * [section 403(a) of ERTA],

then the amendment made by * * * [section 403(a) of ERTA] shall not apply to the estate of such decedent.

Respondent argues that all of the conditions of act section 403(e)(3) have been met in this case, and asserts therefore that petitioner is not entitled to an unlimited marital deduction under section 2056, but is limited to a marital deduction of 50 percent of the value of the adjusted gross estate. Petitioner contends, on the other hand, that act section 403(e)(3) is inapplicable to the facts of this case because decedent's will does not contain "a maximum marital deduction formula" within the meaning of act section 403(e)(3)(B). Petitioner therefore asserts that it is entitled to an unlimited marital deduction under section 2056. We agree with petitioner.

The formula marital deduction provision in decedent's will is not, in the words of act section 403(e)(3)(B), "a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law"; rather, it is a formula expressly providing that the spouse is to receive the minimum amount necessary to ensure that decedent's estate pays the least amount of Federal estate tax. Consequently, it is clear that decedent never intended by this provision to pass to his spouse the greater of $250,000 or 50 percent of the value of his adjusted gross estate (unless of course one of these amounts turned out to be the minimum amount necessary to ensure that decedent's estate paid the least amount of Federal estate tax), and that applying act section

403(e)(3) to require this result, as respondent would have us do, would be contrary to the intended effect of the provision, and, therefore, contrary to the purpose of act section 403(e)(3), that purpose being to preserve rather than defeat the intended effect of testamentary provisions in wills executed prior to September 12, 1981.[3]

*Shapiro v. United States,* an unreported case (S.D. N.Y. 1984, 54 AFTR 2d 84-6469, 84-1 USTC par. 13,576), which respondent cites in support of his position in this case, is readily distinguishable because, as respondent acknowledges, *Shapiro* did not involve act section 403(e)(3), and because the testamentary provision at issue in that case, unlike the provision in this case, simply provided that the spouse was to receive a bequest in "an amount of the maximum allowable deduction in determining the Federal Estate Tax." 54 AFTR 2d at 84-6469.

We hold that the formula marital deduction provision in decedent's will is not a "formula" within the meaning of act section 403(e)(3)(B). It follows that act section 403(e)(3) does not preclude petitioner from qualifying for an unlimited marital deduction under section 2056.

*Decision will be entered under Rule 155.*

---

[3]See note 2 *supra,* and accompanying text.