ESTATE OF FRANCIS L. BRUNING, DECEASED, ILSE M. BRUNING, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Bruning v. Commissioner
Docket No. 4352-86.
United States Tax Court
T.C. Memo 1988-5; 1988 Tax Ct. Memo LEXIS 5; 54 T.C.M. (CCH) 1469; T.C.M. (RIA) 88005; January 4, 1988. *5 Decedent died testate on April 22, 1982, survived by his wife and three children. On March 2, 1981, decedent had executed a trust agreement and a will which he did not amend or revoke prior to his death. The trust agreement contains a formula marital deduction provision. Held, the formula marital deduction provision in decedent's will is not a "formula" within the meaning of sec. 403(e)(3), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305. Consequently, that statute does not preclude petitioner from qualifying for an unlimited marital deduction under I.R.C. sec. 2056. Estate of Neisen v. Commissioner,89 T.C. 939 (1987), followed. Rick Budd, William N. Krems and Benjamin Spitzer, for the petitioner. Allan E. Lang, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: By notice of deficiency dated November 18, 1985, respondent determined a deficiency in petitioner's Federal estate tax in the amount of $ 43,167. The only issue presented in this case is whether section 403(e)(3), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305, precludes petitioner from qualifying for an unlimited marital deduction under section 2056. [1]
The parties submitted this case fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner is *7 the Estate of Francis L. Bruning, Ilse M. Bruning, Personal Representative. At the time the petition in this case was filed, petitioner's legal address was in Longmont, Colorado. On March 2, 1981, Francis L. Bruning (hereinafter referred to as decedent), executed the Trust Agreement of the Francis L. Bruning Trust (hereinafter referred to as the trust). On the same day decedent executed his will. Decedent died on April 22, 1982, without having made amendments to the trust or codicils to the will. Decedent was survived by his spouse and three children. Under the terms of decedent's will, the residue of his estate was distributable to the trust after payment of expenses and taxes. At the time of decedent's death, the assets distributable to the trust under the will had already been transferred to the trust. The trust contains the following provision: Section 1. Division of Trust. If Settlor's spouse survives Settlor, the Trustee shall divide the remaining trust property into two separate trusts. One such trust shall be designated as the Marital Trust and shall consist of the lesser of (1) an amount equal in value to the maximum marital deduction allowable in the federal *8 estate tax proceeding relating to Settlor's estate, or (2) the amount which, after taking into account all credits, exemptions and deductions, other than the marital deduction, which are available to Settlor's estate for federal estate tax purposes, will result in the elimination of all federal estate tax in Settlor's estate; provided, however, the amount passing to the Marital Trust shall be reduced by the total value of any property or interest which qualifies for the marital deduction and which passes to Settlor's spouse other than under this Article. The balance of the trust property shall be allocated to a separate trust and shall be designated as the Family Trust. To date, Colorado, the state where decedent resided at the time of his death, has not enacted any statute construing formula marital deduction clauses with respect to the provisions of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305 (hereinafter referred to as ERTA). An estate tax return was timely filed on behalf of petitioner reflecting an adjusted gross estate of $ 706,862 and claiming a marital deduction of $ 481,862. In his notice of deficiency, respondent determined that petitioner's maximum *9 marital deduction was limited to one-half of the gross estate, or $ 353,431, and he disallowed $ 128,431 of the deduction. Respondent takes the position that section 403(e)(3) of ERTA precludes petitioner from qualifying for an unlimited marital deduction under section 2056. Under section 2056(c), as in effect on the day decedent executed the Trust Agreement and his will (March 2, 1981), the maximum estate tax marital deduction was limited to the greater of $ 250,000 or 50 percent of the value of the adjusted gross estate. This section was repealed by section 403(a)(1)(a) of ERTA, the effect of which was to permit an unlimited marital deduction for estates of decedents dying after December 31, 1981. However, Congress was concerned that this change in the law might also change the intended effect of provisions in wills that were executed before the passage of ERTA. This concern was expressed in the Senate Committee Report as follows: Because the maximum estate tax marital deduction under present law is limited to the greater of $ 250,000 or one-half of the decedent's adjusted gross estate, many existing wills and trusts provide a maximum marital deduction formula clause. The *10 committee is concerned that many testators, although using the formula clause, may not have wanted to pass more than the grater of $ 250,000 or one-half of the adjusted gross estate (recognizing the prior law limitation) to the spouse. For this reason, a transitional rule provides that the increased estate tax marital deductions, as provided by the bill, will not apply to transfers resulting from a will executed or trust created before the date which is 30 days after enactment, which contains a maximum marital deduction clause provided that: (1) the formula clause is not amended before the death of the decedent to refer specifically to an unlimited marital deduction, and (2) there is not enacted a State law, applicable to the estate, which would construe the formula clause as referring to the increased marital deduction deduction as amended by the bill. [S. Rept. No. 97-144 (1981), 1981-2 C.B. 412, 462.] [2]
*11 The transitional rule to which this passage from the Senate report refers is contained in section 403(e)(3) of ERTA, which provides: If -- (A) the decedent dies after December 31, 1981, (B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date of the enactment of this Act, or a trust created before such date, [3] which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law, (C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and (D) the state does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal law as amended by * * * [section 403(a) of ERTA], then the amendment made by * * * [section 403(a) of ERTA] shall not apply to the estate of such decedent. [1981-2 C.B. 326-327.] *12 Respondent argues that all the conditions of section 403(e)(3) of ERTA have been met in this case and asserts that petitioner, therefore, is not entitled to an unlimited marital deduction, but is limited to a deduction of the greater of $ 350,000 or 50 percent of the value of the adjusted gross estate. Petitioner contends, on the other hand, that section 403(e)(3) of ERTA does not apply to the facts of this case because neither decedent's will nor the trust contains a "maximum marital deduction formula" within the meaning of section 403(e)(3)(B) of ERTA. Petitioner maintains, therefore, that it is entitled to an unlimited marital deduction under section 2056. We agree with petitioner. The formula marital provision in the trust is not, in the words of section 403(e)(3)(B) of ERTA, "a formula expressly providing that the spouse is to receive the *13 maximum amount of property qualifying for the marital deduction allowable by Federal law"; rather, it is a formula expressly providing that the spouse is to receive the minimum amount necessary to ensure that decedent's estate pay the least amount of estate tax. In Estate of Neisen v. Commissioner,89 T.C. 939 (1987), we held that a similar provision in a will indicated that the testator never intended to pass to his spouse the greater of $ 250,000 or 50 percent of the value of his adjusted gross estate (unless, of course, one of these amounts turned out to be the minimum amount necessary to ensure that the estate paid the least amount of Federal estate tax), and that applying ERTA to require the unintended result would be contrary to the purpose of section 403(e)(3) of ERTA. In this case the provision in decedent's trust also indicates that decedent never intended to limit the amount received by his spouse to the greater of $ 250,000 or 50 percent of his adjusted gross estate unless one of these amounts turned out to be the minimum amount necessary to ensure that the estate paid the least amount of Federal estate tax. Respondent argues that language in the House *14 report supports his position that a maximum marital deduction formula clause for purposes of section 403(e)(3)(B) of ERTA is any clause that contains a reference to the maximum marital deduction. The House report states "The committee understands that many existing wills and trusts include a maximum marital deduction formula clause under which the amount of property transferred to the surviving spouse is determined by reference to the maximum allowable martial deduction * * *." H. Rept. No. 97-201, at 163 (1981), 1981-2 C.B. 352, 379. See also Staff of Joint Committee on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 239 (J. Comm. Print 1981). Quoted out of context, this statement seems to support respondent's position. However, the explanation that follows in both the House report and the Joint Committee report establishes that Congress was not concerned with clauses that merely mention the maximum marital deduction, but with clauses under which the amount of property transferred to the surviving spouse is determined solely by reference to the maximum marital deduction. The language of section 403(e)(3)(B) of ERTA supports our interpretation. *15 The statutory language refers to "a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by federal law" (emphasis added). In this case the amount of property transferred to decedent's surviving spouse was not determined solely by reference to the maximum marital deduction, but by reference to the maximum allowable marital deduction in conjunction with the unified credit for estate and gift tax. As we have found, supra, the trust did not provide the decedent's spouse was to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law but that decedent's spouse was to receive the minimum amount necessary to ensure that decedent's estate pay the least amount of estate tax. Respondent's reliance on section 20.2056(c)-1A(c)(3), Proposed Estate Tax Regs., 49 Fed.Reg. 21350 (May 21, 1984), is misplaced. Proposed regulations carry no more weight than a position advanced on brief by respondent. Freesen v. Commissioner,84 T.C. 920, 939 (1985), revd. on other issues 798 F.2d 195 (7th Cir. 1986). Accordingly, we *16 hold that the formula marital deduction provision in the trust is not a "formula" within the meaning of section 403(e)(3)(B) of ERTA. It follows that section 403(e)(3) does not preclude petitioner from qualifying for an unlimited marital deduction under section 2056. [4]
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise noted, all section references are to sections of the Internal Revenue Code in effect for the years in question. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The House Committee Report contains similar language. See H. Rept. No. 97-201 (1981), 1981-2 C.B. 352↩, 379-380. See also Staff of Joint Committee to Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 239-240 (J. Comm. Print 1981). 3. ERTA was enacted on August 13, 1981. Therefore, section 403(e)(3) of ERTA applies to transfers resulting from wills executed or trusts created before September 12, 1981. The trust in this case was created before September 12, 1981. However, for the reasons stated herein, section 403(e)(3) of ERTA does not apply in this case. ↩
4. Because we hold for petitioner on this issue, we need not address petitioner's other arguments. ↩