ESTATE OF MELVIN S. BAUERSFELD, DECEASED, VIRGINIA R. BAUERSFELD, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Bauersfeld v. Commissioner
Docket No. 9906-86.
United States Tax Court
T.C. Memo 1988-224; 1988 Tax Ct. Memo LEXIS 253; 55 T.C.M. (CCH) 891; T.C.M. (RIA) 88224; May 19, 1988. Murray F. Hardesty, for the petitioner. Frank M. Schuler, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $ 114,760.04. The only issue presented is whether section 403(e)(3), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305, precludes petitioner from qualifying for an unlimited marital deduction under section 2056. [1]
*254 The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and exhibit attached thereto are found accordingly and are incorporated herein. Petitioner is the Estate of Melvin S. Bauersfeld, Virginia R. Bauersfeld, Executrix. Virginia R. Bauersfeld is both the sole executrix of petitioner and the surviving spouse of Melvin S. Bauersfeld ("decedent"). At the time of his death, decedent resided in Kansas. At the time the petition was filed in this case, Virginia R. Bauersfeld resided in Topeka, Kansas. Decedent died testate on May 25, 1982. His will, which decedent executed on January 23, 1976, and did not amend or revoke prior to his death, contains a formula marital deduction provision, which reads, in pertinent part, as follows: A. If my spouse, VIRGINIA R. BAUERSFELD, is living at my death, I direct my Trustee to hold, manage, invest and reinvest the same as two separate trusts, the first to be known as the VIRGINIA R. BAUERSFELD Trust and the second to be known as the BAUERSFELD Family Trust. B. The original proceeds of the VIRGINIA R. BAUERSFELD Trust shall consist of that fractional share of such residue of my estate which will *255 equal the maximum estate tax marital deduction (allowable in determining the Federal Estate Tax on my gross estate) less the aggregate of the marital deductions, if any, allowable for such tax purposes by reason of property or interests in property passing or which shall have already passed to or for the benefit of my spouse otherwise than by the terms of this Article III of my Will, by operation of law, through life insurance policies or otherwise. In computing this fractional share, the final determination in the Federal Estate Tax proceedings shall control, and only assets which qualify for said marital deduction shall be allocated to said share. The original principal of the Family Trust shall consist of the balance of my residuary estate after establishing said VIRGINIA R. BAUERSFELD Trust and after payment of taxes as hereinafter provided in Article VII. If my spouse is not living at my death, the original principal of the Family Trust shall consist of my entire said residuary estate. On its Federal estate tax return, petitioner claimed a marital deduction in the amount of $ 842,621.86. In his notice of deficiency, respondent determined the petitioner was entitled to a *256 marital deduction of only $ 558,810.93, by virtue of section 403(e)(3), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305 (hereinafter "Act section 403(e)(3)"). We must decide whether Act section 403(e)(3) precludes petitioner from qualifying for an unlimited marital deduction under section 2056. Under section 2056(c), as in effect on the date decedent executed his will, the maximum estate tax marital deduction was limited to the greater of $ 250,000, or 50 percent of the value of the adjusted gross estate. This section was repealed by section 403(a)(1)(A), Economic Recovery Tax Act of 1981 ("ERTA"), Pub. L. 97-34, 95 Stat. 301, the effect of which was to permit an unlimited marital deduction for estates of decedents dying after December 31, 1981. However, Congress was concerned that this change in the law might also change the intended effect of formula marital deduction provisions in wills that were executed prior to the passage of ERTA. This concern was expressed in the Senate Committee Report as follows: Because the maximum estate tax marital deduction under present law is limited to the greater of $ 250,000 or one-half of the decedent's adjusted gross estate, *257 many existing wills and trusts provide a maximum marital deduction formula clause. The committee is concerned that many testators, although using the formula clause, may not have wanted to pass more than the greater of $ 250,000 or one-half of the adjusted gross estate (recognizing the prior law limitation) to the spouse. For this reason, a transitional rule provides that the increased estate tax marital deduction, as provided by the bill, will not apply to transfers resulting from a will executed * * * before the date which is 30 days after enactment, which contains a maximum martial deduction clause provided that: (1) the formula clause is not amended before the death of the decedent to refer specifically to an unlimited marital deduction, and (2) there is not enacted a State law, applicable to the estate, which would construe the formula clause as referring to the increased marital deduction as amended by the bill. [S. Report. No. 97-1444 (1981), 1981-2 C.B. 412,462.] [2]
*258 The transitional rule referred to in the above-quoted passage from the Senate report is contained in Act section 403(e)(3), which provides, in pertinent part, as follows: If -- (A) the decedent dies after December 31, 1981, (B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date of the enactment of this Act, * * * which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law, (C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, [3] and before the death of the decedent, and (D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal law as amended by * * * [section 403(a) of ERTA]
then the amendment made by * * * [section 403(a) of ERTA] shall not apply to the estate of such decedent. *259 Respondent argues that all of the above-stated conditions of the transitional rule have been met in this case, and asserts therefore that petitioner is not entitled to an unlimited marital deduction under section 2056, as amended by ERTA, but is limited to a marital deduction of 50 percent of the value of the adjusted gross estate under section 2056(c). Petitioner contends that decedent never intended section 2056(c) to act as a limitation on the amount of his total estate passing to the Virginia Bauersfeld Trust and thus the amount qualifying for the marital deduction. Petitioner also contends that the transitional rule is inapplicable to the facts of this case because decedent's will does not contain a "formula" within the meaning of Act section 403(e)(3)(B). [4] Petitioner therefore asserts that it is entitled to an unlimited marital deduction under section 2056. We agree with respondent. With respect to petitioner's first argument, the purpose of the transitional rule was to preserve rather than defeat a testator's intent and thereby the intended effect of a formula marital deduction *260 provision in a will executed before September 12, 1981, where the decedent dies after December 31, 1981. The transitional rule denying an estate the unlimited marital deduction is applicable, inter alia, if a testator had not amended his will to specifically refer to an unlimited marital deduction. [5] The decedent did not amend his will prior to his death. We cannot speculate as to the decedent's intent with respect to an unlimited marital deduction after the enactment of ERTA when his will is silent as to such intent. Accordingly, we hold that petitioner's first argument must fail. Petitioner cites Estate of Neisen v. Commissioner,89 T.C. 939 (1987), in support of his second argument that decedent's will does not contain a "formula" within the meaning of the transitional rule. In Estate of Neisen, we were asked to decide whether a formula marital deduction provision was a formula within the meaning of Act section 403(e)(3)(B). There, we found a distinction between a formula expressly providing that the spouse was to receive the minimum amount necessary to ensure that the decedent's estate pays the least amount of Federal *261 estate tax and, in the words of Act section 403(e)(3)(B), "a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law." In this case, we can make no such distinction because the will expressly provides that the Virginia R. Bauersfeld Trust is to consist of that fractional share of decedent's estate which equals the maximum estate tax marital deduction allowable. Accordingly, we hold that the formula marital deduction provision in decedent's will is a "formula" within the meaning of Act section 403(e)(3)(B). Having rejected petitioner's arguments, we hold that Act section 403(e)(3) precludes petitioner from qualifying for an unlimited marital deduction under section 2056. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all sections referred to are sections of the Internal Revenue Code of 1954 as amended and in effect at the time of decedent's death, and all rules referred to are rules of the Tax Court Rules of Practice and Procedure. ↩
2. The House Committee Report contains similar language. See H. Rept. No. 97-201 (1981), 1981-2 C.B. 352↩, 379-380. See also Staff of Joint Comm. on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 239-240 (J. Comm. Print 1981). 3. The Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 301, was enacted August 13, 1981. ↩
4. Petitioner does not dispute that Act section 403(e)(3)(A), (C), and (D) are satisfied. ↩
5. See note 4, supra.↩