LIBERTY NATIONAL BANK & TRUST COMPANY, Executor, Estate of Terry H. Fischer, Deceased, Plaintiff-Appellant.

v.

UNITED STATES of America, Defendant-Appellee.

No. 88-5370.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1988.

Decided Feb. 6, 1989.

William A. MacKenzie, Robert A. Marshall (argued), Ewen, MacKenzie & Peden, Louisville, Ky., for Liberty National Bank & Trust Co.

Gary R. Allen, Acting Chief, William S. Rose, Jr., Asst. Atty. Gen., Richard Farber, Raymond W. Hepper (argued), U.S. Dept. of Justice Tax Div., Washington, D.C., Richard A. Dennis, Asst. U.S. Atty., Louisville, Ky., for United States.

Before MERRITT and GUY, Circuit Judges, EDWARDS, Senior Circuit Judge.

RALPH B. GUY, Jr., Circuit Judge.

Liberty National Bank and Trust Company (Liberty), as executor for the estate of Terry H. Fischer (decedent), brought this action against the United States of America (government) for a refund of federal estate taxes paid by the estate as a result of the decedent's death on April 26, 1983. Jurisdiction in the district court was conferred by 28 U.S.C. § 1346(a)(1). Both parties filed summary judgment motions, and the district court granted the defendant's motion. The only issue both in the district court and here on appeal, is whether the terms of the decedent's will operate to impose the transitional rule of § 403(e)(3) of the Economic Recovery Tax Act of 1981 (ERTA), so as to permit only a limited marital deduction in computing the federal estate tax. Liberty, in this appeal, asserts that the estate is entitled to the unlimited marital deduction as provided by the enactment of ERTA § 403(a). Based on the reasons set forth in this opinion, we affirm the district court's decision that the estate may only claim a limited marital deduction.

The facts are minimal and not in dispute in this case. Terry H. Fischer executed his will on August 21, 1964. There were no subsequent codicils or amendments to his will, prior to his death on April 26, 1983. Fischer was a resident of Kentucky at the time of his death. Liberty, the appointed

executor of the estate, filed the federal estate tax return indicating that no federal estate tax was due by reason of the unlimited marital deduction. Fischer was survived by his wife, Rose Fischer. Upon audit, the Internal Revenue Service denied the unlimited marital deduction, and reduced the marital deduction to one-half of the corrected adjusted gross estate and assessed a tax of $294,956.94. Liberty, on behalf of the estate, paid that amount, together with $101,528.96 interest. Liberty initially filed a claim for a refund which was denied, then filed a suit in district court. The district court held that the transitional rule did apply to limit the marital deduction, and therefore granted the government's summary judgment motion.

Liberty asserts on appeal that the district court erred in holding that the marital bequest in the will of decedent is subject to the ERTA transitional rule, which limits the estate tax marital deduction to fifty percent instead of an unlimited amount. The decedent's marital bequest states:

(b) If she survive me, I give to my wife, Rose Fischer, the fractional share of my residuary estate which shall be equal to the maximum marital deduction allowable in determining the Federal Estate Tax payable by reason of my death, diminished by the value of all other property interests included in my gross estate for Federal Estate Tax purposes, and which pass or have passed from me to my wife in such manner as to qualify for the said marital deduction. In making the computations necessary to determine such fractional share, the final determination in the Federal Estate Tax proceeding shall control.

Whenever used in this ITEM, the words "marital deduction", "gross estate" and "pass" shall have the same meaning as said words have under the provisions of the Federal Internal Revenue Code applicable to my estate.

Prior to 1976, marital deductions were limited to fifty percent of the decedent's adjusted gross estate. In 1976, the tax code was amended to limit marital deductions to fifty percent of the adjusted gross estate, or $250,000, whichever was greater. 26 U.S.C. § 2056(c)(1) (1954) (amended 1981). Then in 1981, Congress provided for an unlimited marital deduction for estates of decedents dying after December 31, 1981. 26 U.S.C. § 2056(a) (1954). However, ERTA § 403(e)(3), the transitional rule, provides that § 2056(c)(1) applies as it existed prior to the amendment, that is, calling for the limited deduction, if:

(A) the decedent dies after December 31, 1981,

(B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date of the enactment of this Act, or a trust created before such date, which contains *a formula expressly providing that the spouse is to receive the maximum amount* of property qualifying for the marital deduction allowable by Federal law,

(C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and

(D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal law as amended by subsection (a), then the amendment made by subsection (a) shall not apply to the estate of such decedent.

Economic Recovery Tax Act of 1981, Pub. L. No. 97–34, § 403(e), 95 Stat. 305 (1981) (amended 1983) (emphasis added).

The purpose of this transitional rule is to prevent an unintended testamentary disposition in wills executed before September 12, 1981, that contain a maximum marital deduction "formula clause." Congress was concerned that formula clauses in wills drafted prior to 1981 could operate to make the marital deduction applicable to the entire adjusted gross estate rather than fifty percent of the estate. S.REP. No. 201, 97th Cong., 1st Sess. 163–64 (1981), U.S.

Code Cong. & Admin.News 1981, p. 105. Therefore the transitional rule stated that the marital deduction for wills with a formula clause written before September 2, 1981, and in which the testator died after December 31, 1981, the marital deduction would be fifty percent or $250,000, unless the will was subsequently amended to refer to the unlimited marital deduction or state law construed the formula clause as referring to the marital deduction in its unlimited amended amount. Kentucky has not enacted any such statute construing formula clauses.

We now reach the point upon which Liberty and the government disagree. Liberty argues that, by the terms of the will, the decedent intended that changes in the federal estate tax law relating to the marital deduction should apply to his estate and therefore the transitional rule is inapplicable. Liberty asserts that the law in effect at the time of the decedent's death (hence the unlimited marital deduction) should apply. The government concedes that specific intent by a decedent to have the marital bequest determined by tax law in effect at the time of death would defeat the application of the transitional rule. *See* ERTA § 403(e)(3)(C). However, the government argues that in this case, the will fails to establish the existence of such specific intent and that the phrase in the decedent's will which states that he gives to his wife "the fractional share of my residuary estate which shall be equal to the maximum marital deduction allowable" is a formula clause. The government asserts that the transitional rule therefore applies.

■ Since the decedent died domiciled in Kentucky, the laws of Kentucky control the construction of the will. *Martin v. Harris*, 305 Ky. 235, 203 S.W.2d 78 (1947). The intent of the testator controls, as gathered from the will as a whole, when construing the will's provisions. *Scheinman v. Marx*, 437 S.W.2d 504, 507 (Ky.1969). To determine whether the transitional rule in ERTA § 403(e)(3) applies to limit decedent's marital deduction, the will must be examined to determine the testator's intent at the time of the will's execution. The

purpose of the transitional rule is to preserve rather than defeat the testator's intent. *Estate of Bauersfeld v. Commissioner*, 55 T.C.M. (CCH) 891 (1988) [1988 WL 49316].

■ Here there is no specific language in decedent's will that he intended the marital bequest to change if federal tax law changed. The clause in the will which states that he intended to bequest a share "equal to the maximum marital deduction allowable" is precisely the type of provision addressed in ERTA. *Estate of Christmas v. Commissioner*, 91 T.C. No. 49 (Oct. 6, 1988) [1988 WL 102168]; *Estate of Bauersfeld v. Commissioner*, 55 T.C.M. (CCH) 891 (1988); *Estate of Blair v. Commissioner*, 55 T.C.M. (CCH) 1246 (1988) [1988 WL 70085]. All three of these cases had language in wills or testamentary trusts nearly identical to the language in decedent's will. In each of these cases, the court held that the clause was a formula clause, and that the transitional rule therefore applied to limit the marital deduction.

Liberty offers two cases in support of its construction of the will. *Estate of Neisen v. Commissioner*, 89 T.C. 939 (1987); *Estate of Bruning v. Commissioner*, 54 T.C.M. (CCH) 1469 [1988 WL 66] (1988). However, both of these cases are distinguishable. In *Neisen*, the testator specifically indicated that he wanted his gift to his spouse to "result in no federal estate tax." In *Bruning*, the testator stated that he wanted amounts to go into a marital trust in a manner that would "result in the elimination of all federal estate tax." *Bruning* at 1469. In both of these cases the court held that the quoted phrases were not formula clauses since the testators had specific language indicating that they desired to eliminate all estate tax if possible, and therefore changes in the law would apply. Accordingly, we conclude that decedent's will does contain a formula clause of the type addressed in ERTA § 403(e)(3).

Liberty also offers two private letter rulings with language similar to decedent's marital bequest. Unfortunately for Liberty, these private letter rulings are directed only to the taxpayer who requested the

ruling. These letters may not be used or cited to as precedent. 26 U.S.C. § 6110(j)(3); *see also, David R. Webb Co. v. Commissioner*, 708 F.2d 1254 (7th Cir. 1983).

Lastly, Liberty argues that the phrase in decedent's will that "the words 'marital deduction,' 'gross estate' and 'pass' shall have the same meaning as said words have under the provisions of the Federal Internal Revenue Code applicable to my estate" indicates that decedent intended that tax law in effect at his death govern the amount of marital deduction. However, the testator needs a *specific indication* in his will that he intends for changes in the federal estate tax law relating to the marital deduction to apply to his bequest to prevent the invocation of the transitional rule. The quoted phrase seeks only to define these words by resort to the tax code. It is not a specific indication of decedent's intent as to whether changes in the allowed marital bequest should apply.

Having found that decedent's will contains a formula clause within the meaning of ERTA, we conclude that there are no genuine issues as to any material facts, and the defendant is therefore entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The judgment of the district court is AFFIRMED.