ESTATE OF Francis L. BRUNING, Deceased, Ilse M. Bruning, Personal Representative, Petitioner–Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.

No. 88–2547.

United States Court of Appeals, Tenth Circuit.

Oct. 25, 1989.

James W. Buchanan, III, of Buchanan, Thomas & Johnson, P.C., Lakewood, Colo. (Rick Budd and Benjamin Spitzer of Budd and Spitzer, P.C., Denver, Colo., and Susan Buchanan of Buchanan, Thomas & Johnson, P.C., Lakewood, Colo., with him on the brief), for petitioner-appellee.

Nancy G. Morgan, Attorney, Tax Div., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Richard Farber, and Raymond W. Hepper, Attorneys, Tax Div., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellant.

Before LOGAN, SETH, and MOORE, Circuit Judges.

PER CURIAM.

Petitioner Ilse M. Bruning, the personal representative of the estate of Francis L. Bruning (decedent), brought this action against the Commissioner of Internal Revenue in the Tax Court seeking a redetermination of a deficiency in estate tax asserted

by the Commissioner. Deciding the case on stipulated facts, the Tax Court held that petitioner is entitled to an unlimited marital estate tax deduction, because the trust established under the will of the decedent did not contain a maximum marital deduction formula clause within the meaning of § 403(e)(3) of the Economic Recovery Tax Act of 1981 (ERTA), Pub.L. No. 97–34, 95 Stat. 172, 305. *Estate of Bruning v. Commissioner*, 54 T.C.M. (CCH) 1469 (1988). On appeal, the Commissioner argues petitioner should have been permitted to claim only a limited marital deduction. For the reasons set forth below, we affirm.

Decedent died testate on April 22, 1982. On March 2, 1981, he had executed his will, bequeathing the residue of his estate to a trust. Neither the trust nor the will were amended during decedent's lifetime. The trust contained the following provision:

> *"Section 1. Division of Trust.* If Settlor's spouse survives Settlor, the Trustee shall divide the remaining trust property into two separate trusts. One such trust shall be designated as the Marital Trust and shall consist of the lesser of (1) an amount equal in value to the maximum marital deduction allowable in the federal estate tax proceeding relating to Settlor's estate, or (2) the amount which, after taking into account all credits, exemptions and deductions, other than the marital deduction, which are available to Settlor's estate for federal estate tax purposes, will result in the elimination of all federal estate tax in Settlor's estate; provided, however, the amount passing to the Marital Trust shall be reduced by the total value of any property or interest which qualifies for the marital deduction and which passes to Settlor's spouse other than under this Article. The balance of the trust property shall be allocated to a separate trust and shall be designated as the Family Trust."

At the time the will and trust were executed, 26 U.S.C. § 2056(c) (1954) permitted a marital deduction of the greater of $250,000 or fifty percent of the adjusted gross estate. In 1981, Congress repealed this provision and in § 403(a) of ERTA, Pub.L. 97–34, 95 Stat. 172, 301, permitted an unlimited marital deduction for estates of decedents dying after December 31, 1981. Congress, however, was concerned that because of the widespread use of maximum marital deduction formula clauses an unlimited marital deduction might cause more property to pass to the surviving spouse than the testator intended. S.Rep. No. 144, 97th Cong., 1st Sess. 2 *reprinted in* 1981 U.S.Code Cong. & Admin.News 105, 229. Therefore, Congress enacted a transitional rule limiting the marital deduction to the amount allowable under § 2056 (1954) in certain circumstances. Section 403(e)(3) of ERTA, the transitional rule, provided in relevant part

> "If—
>
> (A) the decedent dies after December 31, 1981,
>
> (B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date of the enactment of this Act, or a trust created before such date, which contains *a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law,*
>
> (C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and
>
> (D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal law as amended by subsection (a),[1]

---

1. Colorado, decedent's domicile at death, has not passed legislation regarding maximum marital deduction formula clauses.

then the amendment made by subsection (a) shall not apply to the estate of such decedent."

95 Stat. at 305 (codified in note to 26 U.S.C. § 2056 (1982)) (emphasis added).

Petitioner filed a federal estate tax return taking an unlimited marital deduction and indicating that no taxes were due. The Internal Revenue Service issued a notice of deficiency based upon its determination that the decedent's will contained a maximum marital deduction formula clause within the meaning of § 403(e)(3) which had not been amended.

The issue before the Tax Court, and now before us, is whether § 403(e)(3) precludes the estate from qualifying for an unlimited marital deduction. The marital deduction provisions in decedent's will provide that his surviving spouse is to receive "the lesser of (1) an amount equal in value to the maximum marital deduction allowable ... or (2) the amount which after taking into account all credits, exemptions and deductions, other than the marital deduction, ... will result in the elimination of all federal estate tax in Settlor's estate." Based on this language, the Tax Court determined that the decedent's intent was to minimize estate taxes, not maximize the marital deduction and, therefore, that § 403(e)(3) does not limit the marital deduction. 54 T.C.M. (CCH) at 1470–71.

■■■ The purpose of § 403(e)(3) is to preserve rather than defeat the testator's intent. *Liberty Nat'l Bank & Trust Co. v. United States*, 867 F.2d 302, 304 (6th Cir. 1989). To determine whether the limitation of § 403(e)(3) applies, the will and trust must be examined to determine decedent's intent at the time of execution of the will. *Id.* Intent is to be determined from the entire will. *Wright v. Poudre Valley Nat'l Bank*, 153 Colo. 255, 385 P.2d 412, 414 (1963). The intent of the decedent as clearly and unambiguously expressed in the will controls the disposition of the estate. *In re Question Submitted by the United States Court of Appeals for the Tenth Circuit*, 191 Colo. 406, 553 P.2d 382, 384 (1976); *In re the Trust Under the Last Will & Testa-*

*ment of Killin*, 703 P.2d 1323, 1325 (Colo. Ct.App.1985).

■■ We conclude, as did the Tax Court, that the trust referred to in the will before us does not contain "a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law" as specified in § 403(e)(3)(B). Reading the disposition clause in its entirety convinces us that decedent's primary intent was to minimize the estate taxes rather than to limit the marital deduction to the amount that was the maximum (the greater of one-half of the adjusted gross estate or $250,000) permissible under the law in effect at the time he executed the will. Thus, to apply the limitation of § 403(e)(3) would be contrary to decedent's intent and contrary to that section's purpose of preserving the intent of the testator.

The will provisions at issue in *Estate of Neisen v. Commissioner*, 89 T.C. 939 (1987), *aff'd*, 865 F.2d 162 (8th Cir.1988), relied on by the Tax Court, are closely analogous to those of the trust in the case at bar. In *Neisen*, the will provided that decedent's spouse was to receive the lesser of the maximum marital deduction or the minimum marital deduction which would "result in no federal estate tax." In construing this provision of the will, the Tax Court determined

"[t]he formula marital deduction provision in decedent's will is not, in the words of act section 403(e)(3)(B), 'a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law'; rather, it is a formula expressly providing that the spouse is to receive the minimum amount necessary to ensure that decedent's estate pays the least amount of Federal estate tax."

*Id.* at 942. Recognizing that the purpose of § 403(e)(3) was to preserve the intended effect of the testamentary provisions of the will, the court concluded that decedent's will qualified for an unlimited marital deduction.

Other cases finding a formula marital deduction clause within the contemplation of § 403(e)(3) are distinguishable from this case. In each, the wills contained a standard marital deduction formula clause specifically indicating that the decedent's intent was that the spousal bequest be dependent upon the maximum marital deduction. *See Liberty Nat'l Bank & Trust Co. v. United States,* 867 F.2d 302; *Estate of Christmas v. Commissioner,* 91 T.C. 769 (1988); *Estate of Bauersfeld v. Commissioner,* 55 T.C.M. (CCH) 891 (1988); *Estate of Blair v. Commissioner,* 55 T.C.M. (CCH) 1246 (1988).

We disagree with the Commissioner's assertion that any formula clause is a maximum marital deduction formula clause for purposes of § 403(e)(3). Congress desired to carry out a decedent's intent. If it can be discerned from the will that decedent would have desired the unlimited marital deduction permitted by ERTA, the limitation was not intended to apply. Because decedent here expressly bequeathed an amount to achieve a minimum payment of federal estate taxes, we conclude that decedent's intent was clearly expressed and the will does not contain a maximum marital deduction formula clause within the meaning of § 403(e)(3).

AFFIRMED.