In the Matter of the trust agreement between Samuel K. Kreigh, as Settlor, and Lincoln National Bank and Trust Company of Fort Wayne, as Trustee, dated February 1, 1972.

UNBORN BENEFICIARIES OF
KREIGH FAMILY TRUST,
Appellants (Respondents Below),

v.

Sharon KREIGH, Appellee
(Petitioner Below).

No. 02A03–8905–CV–209.

Court of Appeals of Indiana,
Third District.

May 31, 1990.

James Koday, Bewley & Koday, Fort Wayne, for appellants.

Vincent J. Heiny, Snouffer, Haller & Colvin, Fort Wayne, for appellee.

STATON, Judge.

The Unborn Beneficiaries of Samuel K. Kreigh appeal the entry of a judgment which ruled that Samuel K. Kreigh's entire trust estate was to be distributed solely to the Sharon Kreigh Trust, rather than to the Kreigh Family Trust.

Affirmed.

The trust of Samuel K. Kreigh was created in 1972, sixteen years prior to his death. The terms of this trust provided that his estate was to be apportioned between two trusts, the Sharon Kreigh Trust and the Kreigh Family Trust, and the manner of apportionment depended upon the amount of his estate at the time of his death.

Samuel K. Kreigh died in 1988, several years after the Economic Recovery Tax Act (ERTA) had been enacted. ERTA created an unlimited marital deduction to replace the previous marital deduction set at half of the gross estate. However, because of the encompassing change, a "transitional rule" was implemented to ensure that trusts and wills written before the enactment of ERTA would not be subjected to an interpretation foreign to the testator's intent.

■ According to the transitional rule, assuming other requirements are met, if the trust or will is based upon a "maximum marital deduction," and it is not amended to refer to an unlimited marital deduction, then the trust or will is subject to interpretation according to the pre-ERTA laws, i.e., those limiting the marital deduction. However, if the trust or will is not based upon a "maximum marital deduction," then the transitional rule does not apply, and the trust or will is bound by the new rules enunciated in ERTA, including an unlimited marital deduction.

Thus, the question before us is whether the transitional rule applies to Samuel Kreigh's trust, i.e., whether his trust is based upon a "maximum marital deduction."

### The Samuel Kreigh Trust

At the time of his death, the estate of Samuel K. Kreigh totalled in excess of $1,323,800.00. Thus, while his trust envisioned different manners of apportionment, depending upon the amount in his estate, the pertinent part of the trust reads:

If Settlor's wife, Sharon Kreigh, shall survive the Settlor, and Settlor's Adjusted Gross Estate shall exceed One Hundred Twenty Thousand and no/100 Dollars ($120,000.00), the Trustee as of the date of Settlor's death shall divide this Trust Estate into two portions to be hereinafter known as the Sharon Kreigh Trust and the Kreigh Family Trust, and: The Sharon Kreigh Trust shall consist of that part of this Trust estate which shall be equal to a fraction, the numerator of which shall be the amount of the maxi-

mum Marital Deduction allowable in determining the Federal Estate Tax payable by the Settlor's estate *under the law in effect at the time of Settlor's death*, diminished by the value of all other property included in Settlor's estate for Federal Estate Tax purposes which qualifies for the said Marital Deduction and which passes or has passed to Settlor's wife, either under any provisions of Settlor's Will or in any other manner, and the denominator of which shall be the value of this Trust estate. (Emphasis added.)

Samuel K. Kreigh Trust, Article II, Record, p. 21.

■ The unborn beneficiaries are correct in asserting that the court cannot "interpret" an unambiguous trust or will; a court can construe such a document to determine the testator's intent only if there is ambiguity in need of interpretation. *Matter of Est. of Walters* (1988), Ind.App., 519 N.E.2d 1270, 1272, *trans. denied.*

■ Here, however, the question does not concern the interpretation of Samuel Kreigh's trust as a whole. Rather, a determination must be made as to whether the transitional rule applies, and pursuant to the nature of the rule, such a determination involves determining the testator's intent, for "[t]he purpose of the transitional rule is to preserve rather than defeat the testator's intent." *Liberty Nat. Bank & Trust v. U.S.* (6th Cir.1989), 867 F.2d 302, 304.

In *Liberty,* there was "no specific language in decedent's will that he intended the marital bequest to change if federal tax law changed." *Id.* However, as indicated by the emphasized portion of Article II above, it is obvious that the intent of Samuel K. Kreigh was to utilize the law in effect at the time of his death. As the Sixth Circuit stated:

specific intent by a decedent to have the marital bequest determined by tax law in effect at the time of death would defeat the application of the transitional rule.

*Id.* Thus, given that the trust clearly indicates that Samuel K. Kreigh intended that the tax law in effect at the time of his

death be used, we find no error in the trial court's determination that Samuel K. Kreigh's entire trust be distributed solely to the Sharon Kreigh Trust.

Affirmed.

HOFFMAN, P.J., and BAKER, J., concur.