ESTATE OF LOUISE E. CUBBERLY KENDALL, DECEASED, JOHN R. KENDALL, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kendall v. Commissioner
Docket No. 29271-88
United States Tax Court
T.C. Memo 1990-547; 1990 Tax Ct. Memo LEXIS 601; 60 T.C.M. (CCH) 1045; T.C.M. (RIA) 90547; October 22, 1990, Filed *601 An order granting petitioner's motion for partial summary judgment and denying respondent's motion for partial summary judgment will be entered. Charles E. Anderson, for the petitioner. Terry W. Vincent and John MacEachen, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
MEMORANDUM OPINION This case is before the Court on the parties' cross-motions for partial summary judgment pursuant to Rule 121. [1]
*603 Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $ 285,141.66. At issue is whether section 403(e)(3), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305 (hereinafter ERTA), precludes petitioner from qualifying for an unlimited marital deduction under section 2056. Petitioner is the estate of Louise Cubberly Kendall, John R. Kendall, Personal Representative. At the time the petition in this case was filed, John R. Kendall resided in Santa Fe, New Mexico. Louise Cubberly Kendall (decedent) died May 12, 1985. Decedent and her husband moved to Santa Fe, New Mexico in 1979, at which time they contacted attorney Forrest Smith (Smith) to update their estate plan in accordance with the laws of that time. On February 6, 1979, each of the Kendalls executed a will prepared by Smith. The portion of the wills drafted by Smith pertaining to the marital deduction contains two specific references to sections 2602(c)(5)(A) and 2056(b), as amended. Smith's purpose in adding the "as amended" language in the body of the wills when referring to Internal Revenue Code sections was an attempt to insure that the law in effect at the time of death *604 would determine the disposition of the property. Decedent's will provided for a division of the trust estate into two trusts, the Marital Deduction Trust and the Residuary Trust. The Marital Deduction Trust provision in the will contained a formula by which the amount contributed to that trust was to be determined: (1) If my husband survives me, I give to the Trustee a pecuniary legacy in an amount equal in value to the amount of the maximum estate tax marital deduction allowable in determining the federal estate tax on my gross Estate (excluding any generation skipping transfers deemed part of my gross Estate pursuant to Section 2602(c)(5)(a) of the Internal Revenue Code of 1954, as amended) reduced by: (a) the value of all other property interests forming a part of my gross estate which qualify for such marital deduction and which property interests shall have passed to my husband in any other manner, and (b) an amount, if any, needed to increase my taxable Estate (determined as if the maximum marital deduction were allowed) to the largest amount that will result in no federal estate tax on my gross Estate, after taking into account all allowable *605 credits. The net income during the term of the Residuary Trust was to be paid to members of the class of persons consisting of decedent's husband, her children, spouses of her children, and her grandchildren in such amounts as the trustee should determine. The trustee had discretion to distribute the principal to the class members for health support, maintenance, or education. The trust also provided that decedent's husband was the primary object of her interest. Decedent's husband would also receive a special power of appointment pursuant to which he could distribute the principal of the trust to various members of the class apart from himself during his lifetime or upon his death. The Residuary Trust was to terminate upon the death of the last survivor of decedent's husband and her children with the remaining principal, if any, to be equally divided among her grandchildren. Following the enactment of ERTA, Smith sent a letter advising the Kendalls of the changes in the tax law and suggesting that anyone whose will was executed prior to December 31, 1981, should return to Smith to have his estate plan reviewed in light of the new law. The Kendalls were concerned *606 about their past health problems and were, thus, motivated to update their estate plans. They were also concerned that Smith, as a sole practitioner, did not have associates to accommodate the Kendalls in the event something happened to Smith. The Kendalls contacted Carl Fisher (Fisher) of First Interstate Trust Department in Santa Fe to help them in their search for an estate planning lawyer. They hoped to retain an attorney who was associated with a larger firm and who could help minimize Federal estate taxes. On Fisher's recommendation, the Kendalls hired Tim Vidal (Vidal) of the law firm Sutin, Thayer, & Browne. Vidal and Fisher met with the Kendalls to review the couple's wills. Based on Vidal's recommendations, no changes were made to the wills. When decedent died May 12, 1985, her 1979 will was unchanged. No statute construing formula marital deduction clauses with respect to the ERTA provisions had been enacted by the State of New Mexico. On the Form 709, Federal Estate Tax Return, petitioner claimed an unlimited marital deduction in the amount of $ 1,758,202. In the notice of deficiency, respondent determined that petitioner was entitled to a marital deduction *607 of only $ 826,208. Rule 121 provides that a party may move for summary judgment upon all or a part of the legal issues in controversy. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Respondent contends that section 403(e)(3) of ERTA precludes petitioner from qualifying for an unlimited marital deduction under section 2056. He asserts that the section 403(e)(3) transitional rule is operative here because all statutory requirements are met by the facts of this case. On the other hand, petitioner argues that the language of the will is sufficient to qualify the estate for an unlimited marital deduction. Petitioner contends that references in the will to the Internal Revenue Code "as amended" reflect the decedent's intent for her estate *608 to be governed by the law in effect at the date of her death, rather than the law in effect at the time her will was executed. We agree that petitioner is entitled to claim an unlimited marital deduction, albeit on grounds other than those argued by petitioner. Section 2056(c), as in effect on the date decedent executed her will, limited the estate tax marital deduction to the greater of $ 250,000 or 50 percent of the value of the gross estate. The marital deduction contained in section 2056(c) was repealed and replaced pursuant to section 403(a)(1)(A) of ERTA. As modified by ERTA, section 2056 provides an unlimited estate tax marital deduction to estates of decedents dying after December 31, 1981. Congress, however, was concerned that the ERTA amendment to section 2056 would change the intended operation of formula marital deduction clauses in wills executed before the effective date of that amendment. For this reason, Congress included ERTA section 403(e)(3) in its amendment package. The Senate report summarized the intent behind that section: Because the maximum estate tax marital *609 deduction under present law is limited to the greater of $ 250,000 or one-half of the decedent's adjusted gross estate, many existing wills and trusts provide a maximum marital deduction formula clause. The committee is concerned that many testators, although using the formula clause, may not have wanted to pass more than the greater of $ 250,000 or one-half of the adjusted gross estate (recognizing the prior law limitation) to the spouse. For this reason, a transitional rule provides that the increased estate tax marital deductions, as provided by the bill, will not apply to transfers resulting from a will executed or a trust created before the date which is 30 days after enactment, which contains a maximum marital deduction clause provided that: (1) the formula clause is not amended before the death of the decedent to refer specifically to an unlimited marital deduction, and (2) there is not enacted a State law, applicable to the estate, which would construe the formula clause as referring to the increased marital deduction as amended by the bill. [S.Rept. No. 97-144 (1981), 1981-2 C.B. 412, 462.] *610 Section 403(e)(3) of ERTA contains the transitional rule referred to in the Senate report. If-- (A) the decedent dies after December 31, 1981, (B) by reason of the death of the decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date of the enactment of this Act, or a trust created before such date, which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law, (C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and (D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal Law as amended by [section 403(a) of ERTA], then the amendment made by [section 403(a) of ERTA] shall not apply to the estate of such decedent. [Emphasis added. 1981-2 C.B. 326-327.] *611 Section 403(e)(3) was enacted to preserve the dispositive schemes of testators who died after the ERTA effective date without having amended their wills to reflect the availability of the unlimited marital deduction. We have stated that "Congress was not concerned with clauses that merely mention the maximum marital deduction, but with clauses under which the amount of property transferred to the surviving spouse is determined solely by reference to the maximum marital deduction." Estate of Bruning v. Commissioner, T.C. Memo. 1988-5, 54 T.C.M. 1469, 1471, 57 P-H Memo. T.C. par. 88,005 at 30, 32 (emphasis added), affd. per curiam 888 F.2d 657 (10th Cir. 1989). The formula marital deduction provision in decedent's will is similar to the clause at issue in Estate of Levitt v. Commissioner, 95 T.C. (1990), a recent reviewed decision of this Court interpreting ERTA section 403(e)(3). On the basis of that opinion, we hold that the clause contained in decedent's will is not a "formula" within the meaning of section 403(e)(3)(B) and that petitioner is entitled to claim an unlimited marital deduction under section 2056. In *612 Levitt, we reconsidered our approach to ERTA section 403(e)(3) in light of our holdings in Estate of Neisen v. Commissioner, 89 T.C. 939 (1987), affd. per curiam 865 F.2d 162 (8th Cir. 1988); Estate of Blair v. Commissioner, T.C. Memo. 1988-296; Estate of Bauersfeld v. Commissioner, T.C. Memo. 1988-224; and Estate of Bruning v. Commissioner, T.C. Memo 1988-5, affd. per curiam 888 F.2d 657 (10th Cir. 1989). We determined that our prior holding in Blair was incorrect and, consequently, held that Blair could not be relied upon to conclude that the decedent's estate was ineligible for the unlimited marital deduction. The trust clause at issue in Levitt operated in the same manner as the clause in decedent's will here in that it used the "maximum marital deduction allowable" as a starting point for calculating the amount to be contributed to the surviving spouse's trust. From that point, the contributed amount was reduced by the amount needed, if any, to increase the taxable estate to the largest amount that would not result in the imposition of a Federal estate tax after *613 allowing for the unified credit which was not claimed at the time of the death of the decedent spouse. Thus, the clause allowed for maximum use of the unified credit against estate tax provided by section 2010. Section 403(e)(3)(B) of ERTA requires that a will or trust document contain "a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law". (Emphasis added.) If this is the case, the decedent's estate cannot claim the unlimited marital deduction substituted by the ERTA amendment for the earlier limited deduction. In Levitt, we determined that the clause at issue there did not fall within the purview of its language. We noted the operation of the clause as it related to the bequest to the surviving spouse's trust: Without question, the Trust formula initially provides that the spouse will receive under the Trust the maximum marital deduction amount. The amount for the benefit of the spouse under the Trust, but not the maximum marital deduction amount, is then reduced by the value of other property also qualifying for the marital deduction passing to the spouse outside of *614 the Trust. If the Trust formula stopped at that point, the intention would seem clear to provide the surviving spouse with the pre-ERTA maximum marital deduction amount. But the Trust language does not stop at that point. It goes on to provide that the maximum marital deduction amount is to be reduced by an amount necessary to increase the taxable estate to the largest amount that will not result in a Federal estate tax after allowing the unified credit. The Trust formula thus does not expressly provide that "the spouse is to receive the maximum amount of property qualifying for the marital deduction" -- it expressly provides substantially less. The Trust therefore does not contain a formula within the literal terms of section 403(e)(3)(B). [Emphasis in original. Estate of Levitt v. Commissioner, 95 T.C. at (slip op. at 11).] In the present case, decedent's will bequests into trust an amount equal to the "maximum estate tax marital deduction allowable", reduced by (a) the value of all other property interests forming a part of my gross estate which qualify for such marital deduction and which property interests shall have passed to my husband in *615 any other manner, and (b) an amount, if any, needed to increase my taxable Estate (determined as if the maximum marital deduction were allowed) to the largest amount that will result in no federal estate tax on my gross Estate, after taking into account all allowable credits. This formula, thus, does not "expressly provide" that the spouse is to receive the maximum amount of property qualifying for the marital deduction. To the contrary, it expressly provides substantially less. Consequently, we find that by including a formula clause in the Trust provisions of the will, decedent did not intend to limit the amount of property passing to her husband's Marital Deduction Trust, but to minimize the estate tax imposed on her estate. The will therefore does not contain a "formula" within the literal terms of section 403(e)(3)(B). Since ERTA section 403(e)(3) is not applicable, petitioner qualifies for the unlimited marital deduction provided in section 2056(a). Having found for petitioner on other grounds, we decline to address its contention that references to the Internal *616 Revenue Code "as amended" in the Marital Deduction Trust provisions of decedent's will require us to hold that decedent's will does not contain a maximum marital deduction formula clause. An order granting petitioner's motion for partial summary judgment and denying respondent's motion for partial summary judgment will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩