## DAVID R. WEBB COMPANY, INC., Petitioner-Appellant,

v.

## COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

### No. 82–1201.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1982.

Decided May 27, 1983.

---

Richard E. Schneyer, Walter, Conston, Schurtman & Gumpel, New York City, for petitioner-appellant.

Stanley S. Shaw, Jr., Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before WOOD and ESCHBACH, Circuit Judges, and SWYGERT, Senior Circuit Judge.

ESCHBACH, Circuit Judge.

The issue in this case is whether the taxpayer, David R. Webb Company, Inc., is entitled to deduct certain pension payments under § 404(a) of the Internal Revenue Code of 1954. The Tax Court held that the payments are non-deductible capital expenditures. Agreeing with the Tax Court's conclusion, we affirm.

## I. BACKGROUND

For over 80 years there has been a business in Edinburg, Indiana, engaged in the manufacture and sale of wood veneer. The ownership of this business, however, has changed on several occasions. To understand the legal issue presented in this case, we must trace the ownership back to 1950.

In 1950 the corporate owner entered into an employment contract with a man named Ferdinand Grunwald. One term of this contract provided that in the event that Mr. Grunwald died while in the corporation's employ, the corporation would pay a lifetime pension to his widow in the amount of $12,700 per year. These conditions were met when Mr. Grunwald died in 1952; the corporation therefore began paying Mrs. Grunwald her pension.

Since 1952 the business has changed hands three times. The last change in ownership occurred on November 15, 1972, when the taxpayer in this case, David R. Webb Company, Inc., acquired the business's assets, properties, and goodwill. To purchase this property, the taxpayer agreed to pay five million dollars and to assume certain liabilities of its predecessor—including the obligation to pay Mrs. Grunwald's pension.

The taxpayer paid Mrs. Grunwald's pension in 1973 and 1974 and claimed a deduction for these payments on its tax returns. The Commissioner disallowed these deductions and assessed deficiencies in the amounts of $3,048 and $1,407 for the years 1973 and 1974, respectively. The taxpayer, disagreeing with the Commissioner's position, brought this action in the Tax Court to obtain a redetermination of the deficiencies. The case went to trial on stipulated facts and judgment was entered in favor of the Commissioner. See 77 T.C. 1134 (1981).

## II. THE APPROPRIATE TAX TREATMENT

Section 404(a) of the Internal Revenue Code of 1954 governs the deductibility of an

employer's pension payments. This section states in relevant part that:

> [i]f contributions are paid by an employer to or under a ... pension ... plan, ... such contributions ... shall not be deductible under section 162 (relating to trade or business expenses) or section 212 (relating to expenses for the production of income); but, if they satisfy the conditions of either such sections, they shall be deductible under this section ...."

26 U.S.C. § 404(a). The taxpayer's payments to Mrs. Grunwald are deductible under § 404(a), therefore, only if the conditions of § 162 are satisfied—particularly the requirement that the payments be "ordinary and necessary expenses," *see* 26 U.S.C. § 162(a).

The Commissioner contends, and we agree, that the taxpayer's payments to Mrs. Grunwald are not ordinary and necessary business expenses, but rather are nondeductible capital expenditures. *See generally Commissioner v. Tellier,* 383 U.S. 687, 689–90, 86 S.Ct. 1118, 1119–20, 16 L.Ed.2d 185 (1966) (capital expenditures are not ordinary and necessary business expenses). Assumption of the obligation to make pension payments to Mrs. Grunwald was in theory and in fact, part of the cost of acquiring the assets of the wood veneer business from the taxpayer's predecessor. *See Magruder v. Supplee,* 316 U.S. 394, 398, 62 S.Ct. 1162, 1165, 86 L.Ed. 1555 (1942). The payments to Mrs. Grunwald in 1973 and 1974, therefore, constitute part of the taxpayer's capital investment and must be added to the cost basis of the acquired property. *See Electronic Modules Corp. v. United States,* 695 F.2d 1367, 1371 (Fed.Cir. 1982); *United States v. Smith,* 418 F.2d 589, 596 (5th Cir.1969); *Portland Gasoline Co. v. Commissioner,* 181 F.2d 538, 541 (5th Cir. 1950); *Gaines v. Commissioner,* 45 T.C.M. (CCH) 363, 377 (1982); *Family Group, Inc. v. Commissioner,* 59 T.C. 660, 667 (1973).

The taxpayer recognizes this well-settled general rule that when an obligation is assumed in connection with the purchase of capital assets, payments satisfying the obligation are non-deductible capital expenditures. The taxpayer also acknowledges that the Tax Court in *M. Buten & Sons, Inc.*

*v. Commissioner,* 31 T.C.M. (CCH) 178, 181 (1972), held that an assumed unfunded pension obligation is not exempt from the general rule. However, the taxpayer maintains that the decision in *M. Buten & Sons* is wrong and that the taxpayer's pension payments to Mrs. Grunwald in 1973 and 1974 should not be termed capital expenditures. We will now consider, and dismiss as meritless, the three arguments made in support of the taxpayer's position.

First, the taxpayer asserts that contingent obligations, insusceptible to present valuation, are not included in the cost basis of acquired assets. We need not question this principle because, even if valid, the rule does not obtain in this case. The Tax Court held, consistent with the Commissioner's argument to this Court, that only when the taxpayer *paid* Mrs. Grunwald's pension could an amount equal to such payments become part of the cost basis of the acquired property. When the taxpayer paid Mrs. Grunwald $12,700 in both 1973 and 1974, therefore, the basis of the acquired assets increased by those amounts; the increase was fixed and certain.

■ Second, the taxpayer argues that it would circumvent the policy behind § 404(a) if we were to allow a purchaser who assumes an unfunded pension obligation to increase the cost basis of acquired property. Section 404(a), the taxpayer correctly notes, precludes deductions for contributions to a pension plan unless payments are actually made—the accrual of an obligation is insufficient to support a deduction. *See Don E. Williams Co. v. Commissioner,* 429 U.S. 569, 578–79, 97 S.Ct. 850, 856–57, 51 L.Ed.2d 48 (1977). The apparent goal of this statutory requirement is to insure the integrity of pension plans and to guarantee the beneficiary "the full advantage of any contribution which entitles the employer to a tax benefit." *See id.* at 579, 97 S.Ct. at 856. Relying on this policy, the taxpayer concludes that assumed pension obligations cannot be used to increase the cost basis of acquired assets because that would allow taxpayers to gain through depreciation a tax benefit before actual pension payments are made. This argument, however, ignores the Tax Court's holding

that the taxpayer may increase the cost basis of acquired property *only* when pension payments are actually made, not when the obligation was merely assumed. The Tax Court's decision, therefore, is totally consistent with the policy behind § 404(a).

Third, the taxpayer maintains that § 404(a) is the exclusive statutory authority for the deduction of pension payments; therefore it is impermissible to increase the cost basis of acquired property and consequently increase depreciation deductions. The authority cited in support of the taxpayer's position, however, merely demonstrates that deductions for pension payments may be taken under § 404(a) and not under § 162 (ordinary and necessary business expenses). *See, e.g.,* H.R.Rep. No. 2333, 77th Cong., 1st Sess. (1942), *reprinted in* 1942–2 C.B. 372, 451. There is no indication that Congress has intended to exclude pension plans from the general rule that the assumption of a seller's liability constitutes part of the acquisition costs. Moreover, if the taxpayer, after making payments to Mrs. Grunwald, does increase the cost basis of acquired assets and is entitled to take larger depreciation deductions, these deductions are not "pension payment deductions," but rather represent a "reasonable allowance for the exhaustion, wear and tear" of the acquired property. *See* 26 U.S.C. § 167(a)(1).

 Because the taxpayer's three statutory and policy arguments fail, the taxpayer's case is reduced to reliance on a single sentence in this Court's opinion in *F. & D. Rentals, Inc. v. Commissioner,* 365 F.2d 34 (7th Cir.1966), *cert. denied,* 385 U.S. 1004, 87 S.Ct. 707, 17 L.Ed.2d 543 (1967).[1] In connection with the purchase of a business's assets, the taxpayer in *F. & D. Rentals* agreed to assume an unfunded pension liability in the amount of $17,500. The taxpayer, without making any payments, claimed a deduction for this amount on its tax return. The Commissioner disallowed

the deduction because one of the requirements of deductibility under § 404(a)—actual payment—had not been satisfied. The Tax Court affirmed the Commissioner's decision.

On appeal to this Court, the taxpayer conceded that because it made no actual payments to an employee or to the pension plan's trustee, no deduction could be claimed. The taxpayer argued, however, that the $17,500 should be considered part of the cost of acquiring its predecessor's assets. The Commissioner, on the other hand, asserted that the $17,500 figure merely represent a reserve account designed to cover a contingent, indefinite liability. The Court adopted the Commissioner's position and held: "Contingent obligations, insusceptible to present valuation, which are assumed as part of a purchase agreement, are not to be included in the cost basis of assets." *Id.* at 41.

Before announcing its holding, however, the Court noted its agreement with the Tax Court's decision disallowing a deduction for unpaid pension obligations. *See id.* The Court then made the statement on which the taxpayer in the present case relies: "Under § 404(a) of the Code, taxpayer would have been entitled to a pension plan deduction if it had made a payment in the taxable year here in question . . . ." *See id.*[2]

From this brief history of the litigation in *F. & D. Rentals,* it is manifest that the taxpayer in the present case is relying on pure dictum. The issue whether an assumed, but unpaid, pension obligation may be deducted was not before the Court in *F. & D. Rentals;* the parties agreed that no deduction was permissible. There was certainly no need for the parties to brief, and the Court to decide, the more remote and counter-to-fact hypothetical question—i.e., what would the tax treatment be if the taxpayer had made pension payments? The Court's statement that such payments could

1. In support of its position, the taxpayer also cites several private letter rulings. These rulings, however, may not be used or cited as precedent. *See* 26 U.S.C. § 6110(j)(3).

2. The opinion cites no authority in support of this statement and does not consider the possibility that the pension payments could be capital expenditures and thus not deductible under § 404(a).

be deducted, therefore, is not an alternative holding nor a carefully-reasoned decision; rather it is pure dictum. As such, the statement is not controlling in the present case. *See McDaniel v. Sanchez,* 452 U.S. 130, 141, 101 S.Ct. 2224, 2232, 68 L.Ed.2d 724 (1981); *East Troy v. Soo Line Railroad Co.,* 653 F.2d 1123, 1129–30 (7th Cir.1980), *cert. denied,* 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981); *accord United States v. Bell,* 524 F.2d 202, 206 (2d Cir.1975).

The holding in *F. & D. Rentals,* in fact, actually supports our conclusion that pension payments to Mrs. Grunwald must be added to the cost basis of acquired assets and not deducted. As noted above, the Court in *F. & D. Rentals* held that because the taxpayer's obligation was contingent, an amount representing the value of the obligation could not be included in the cost basis of acquired property. *See* 365 F.2d at 41. The converse situation is presented when, as in the present case, actual payments are made. The amounts of the payments are known and can be readily added to the cost basis of the purchased property.

### III.

For the reasons expressed in this opinion, the judgment of the Tax Court is affirmed.