T.C. Memo. 2012-36

UNITED STATES TAX COURT

LISA LAFLAMME, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4464-10.                         Filed February 6, 2012.

During 2006 P, a self-employed individual, made a contribution to her pension plan. P deducted the contribution on her Schedule C, Profit or Loss From Business. R disallowed the deduction on her Schedule C but permitted P to deduct the contribution from gross income on her Form 1040, U.S. Individual Income Tax Return. Respondent also determined that P was liable for an accuracy-related penalty under I.R.C. sec. 6662.

<u>Held</u>: P is entitled to deduct her pension contribution when calculating her income tax liability but not when calculating her self-employment tax liability. P is not liable for the accuracy-related penalty.

Lisa LaFlamme, pro se.

D'Aun E. Clark, for respondent.


MEMORANDUM OPINION


VASQUEZ, Judge:  Respondent determined a $6,089 deficiency in petitioner's Federal income tax for 2006 and a $1,218 accuracy-related penalty under section 6662(a).[1]  After a stipulation of settled issues,[2] the issues remaining for decision are:  (1) whether, for the purpose of calculating her self-employment tax liability, petitioner is entitled to deduct the contributions she made to her pension plan; and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a).[3]

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All amounts are rounded to the nearest dollar.

[2]  The parties stipulated that petitioner is not entitled to a charitable contribution deduction on her Schedule A, Itemized Deductions, and petitioner is entitled to deduct $16,648 of car and truck expenses that she claimed on her Schedule C, Profit or Loss From Business.

[3]  Adjustments made to petitioner's self-employment tax, adjusted gross income, and itemized deductions are computational and will be resolved by our holding herein.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida at the time the petition was filed.

During 2006 petitioner was a self-employed real estate agent. That year she contributed $34,408 to the Lisa K. LaFlamme Defined Benefit Pension Plan and Trust (pension contribution). Petitioner claimed a deduction for the pension contribution on line 19, Pension and profit sharing plans, of the Schedule C she attached to her Form 1040, U.S. Individual Income Tax Return, for 2006.[4] Petitioner did not claim a deduction for the pension contribution on line 28, Self-employed SEP, SIMPLE, and qualified plans, of her Form 1040. Respondent subsequently issued petitioner a notice of deficiency disallowing the pension contribution deduction that she claimed on her Schedule C but allowing her to deduct the pension contribution on line 28 of her Form 1040. The notice of deficiency also determined an accuracy-related penalty under section 6662(a) on the basis of negligence or disregard of the rules and regulations.

---

[4] Schedule C deductions reduce net earnings from self-employment, thereby reducing a taxpayer's self-employment tax liability. See secs. 1401 and 1402.

## Discussion

I.  Pension Contribution

The self-employment tax imposed by chapter 2, Tax on Self-Employment Income, of subtitle A of the Code is distinct from the income tax imposed by chapter 1, Normal Taxes and Surtaxes.  See Eades v. Commissioner, 79 T.C. 985, 992 n.7 (1982); Ross v. Commissioner, T.C. Memo. 1995-599.  When a taxpayer deducts an expense on her Schedule C, it reduces her net earnings from self-employment, thereby reducing her self-employment tax liability.  The deductions on Schedule C also reduce the taxpayer's income tax liability by lowering the business income included in her gross income.  Petitioner argues that she is entitled to deduct the pension contribution on her Schedule C because she believes the Code permits a deduction for contributions made by a self-employed taxpayer to her pension plan in computing both the income tax and the self-employment tax.

A.  Income Tax

Section 1 imposes a tax on the taxable income of individuals.  Taxable income is gross income minus the deductions allowed by chapter 1, Normal Taxes and Surtaxes.  Sec. 63(a).  Section 62 enumerates the deductions permitted from gross income.

Section 404 governs the deductibility of an employer's contribution to an employee pension plan. In general, an employer is permitted to deduct a contribution to a pension plan if the contribution satisfies section 162 (relating to trade or business expenses) or 212 (relating to expenses for production of income). Sec. 404(a); sec. 1.404(a)-1(b), Income Tax Regs.

Historically, self-employed taxpayers were not considered to be their own employers and employees, and the contributions they made to their pension plans were not business expenses. See Gale v. United States, 768 F. Supp. 1305, 1309 (N.D. Ill. 1991) (stating that "such contributions have never before been considered business expenses"). Thus, self-employed taxpayers were unable to deduct the contributions they made to their pension plans. See S. Rept. No. 87-992 (1961), 1962-3 C.B. 303, 310 (discussing the then-existing "discrimination in present law under which self-employed individuals--sole proprietors and partners --are prevented from participating in retirement plans established for the benefit of their employees although owner-managers of corporations may do so"). In 1962 Congress enacted the Self-Employed Individuals Tax Retirement Act of 1962 (1962 Act), Pub. L. No. 87-792, 76 Stat. 809, to allow self-employed taxpayers to

deduct from gross income the contributions they made to their pension plans.[5] S. Rept. No. 87-992 supra, 1962-3 C.B. at 303. To allow the deduction, 1962 Act sec. 3, 76 Stat. at 819, provides that a self-employed individual is considered to be her own employer and her own employee and contributions made by a self-employed taxpayer to her pension plan "shall be considered to satisfy the conditions of section 162 or section 212".[6] S. Rept. No. 87-992, supra, 1962-3 C.B. at 341-342; see sec. 404(a)(8). Further, 1962 Act sec. 7, 76 Stat. at 828, amended section 62 to provide that self-employed individuals were entitled to the deduction from gross income allowed by section 404. S. Rept. No. 87-992, supra, 1962-3 C.B. at 356; see sec. 62(a)(6). Thus, petitioner, for the purposes of calculating her income tax liability, is entitled to deduct the pension contribution from gross income.

_____

[5] The legislative history to the 1962 Act states:

"[This bill] is designed to encourage the establishment of voluntary retirement plans by self-employed persons by allowing self-employed individuals to be covered by qualified plans and by extending to them some of the favorable tax benefits present law now provides in the case of qualified retirement plans established by employers for their employees."

S. Rept. No. 87-992 (1961), 1962-3 C.B. 303, 303.

[6] The contribution is considered to satisfy sec. 162 or sec. 212 only to the extent of the earned income the individual derived from the trade or business to which the pension plan relates. Sec. 404(a)(8)(C). Respondent does not dispute that petitioner had sufficient earned income to allow her entire pension contribution to be considered to satisfy sec. 162 in the context of the sec. 404 deduction.

B. Self-Employment Tax

Section 1401 imposes a tax on the "self-employment income" of every individual. "[S]elf-employment income" is generally defined as the "net earnings from self-employment derived by an individual". Sec. 1402(b). The term "net earnings from self-employment" is defined as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle [i.e., subtitle A of title 26] which are attributable to such trade or business". Sec. 1402(a). Thus, for the purposes of determining her self-employment tax, petitioner can deduct the amount of the pension contribution only if the pension contribution is (1) a deduction allowed by subtitle A, Income Taxes, of the Code and (2) attributable to her trade or business. Subtitle A allows petitioner a deduction for the pension contribution. See supra pp. 4-6. Thus, petitioner is entitled to deduct the pension contribution when computing self-employment tax liability if it is attributable to her trade or business.

Before the 1962 Act contributions made by self-employed taxpayers to their pension plans historically were not considered business expenses and were not

deductible under section 162. See supra p. 5; see also Gale, 768 F. Supp. at 1308-1309 (discussing the treatment of such contributions before the 1962 Act). It appears that petitioner is arguing that because the 1962 Act treats the pension contribution as a business expense satisfying section 162 for the purpose of computing her income tax liability under chapter 1, the contribution should be treated as a business expense for the purpose of computing her self-employment tax liability under chapter 2.

Deductions are a matter of legislative grace and are construed narrowly. Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934) (stating "only as there is clear provision therefor can any particular deduction be allowed"). Taxpayers bear the burden of proving their entitlement to deductions. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Except for the special rule in section 404(a)(8), a self-employed taxpayer's contribution is not an expense attributable to the taxpayer's trade or business. Petitioner points us to no authority, and we have discovered none, that provides that the special rule in section 404 (a)(8) applies outside the

context of that section.[7]  Petitioner's pension contribution is not attributable to her

trade or business.  Thus, petitioner's pension contribution is not deductible on her

Schedule C.  See Hough v. Commissioner, T.C. Memo. 1997-361 (stating that the

self-employed taxpayer's contribution to his pension plan was not deductible on his

Schedule C), aff'd without published opinion, 162 F.3d 1151 (3d Cir. 1998).  II.

Accuracy-Related Penalty

Pursuant to section 6662(a) and (b)(1), a taxpayer may be liable for a penalty

of 20% of the portion of an underpayment of tax due to negligence or disregard of

rules or regulations.  "Negligence" is defined as any failure to make a reasonable

attempt to comply with the provisions of the Code.  Sec. 6662(c); sec. 1.6662-

3(b)(1), Income Tax Regs.  Negligence has also been defined as the failure to

exercise due care or the failure to do what a reasonable person would do under the

circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d

348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

"Disregard" means any careless, reckless, or intentional disregard.  Sec. 6662(c).

The burden of production is on the Commissioner to produce evidence that it is

---

[7] The legislative history suggests that the sec. 404(a)(8) rule is limited to the income tax, stating that the 1962 Act "allows contributions to retirement plans to be a deduction for income tax purposes".  S. Rept. No. 87-992, supra, 1962-3 C.B. at 310.

appropriate to impose the relevant penalty.  See sec. 7491(c); <u>Higbee v.</u> <u>Commissioner</u>, 116 T.C. 438, 446 (2001).  We find that respondent has met his burden of production.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer shows that he or she acted with reasonable cause and in good faith.  Sec. 6664(c)(1); <u>Higbee v. Commissioner</u>, 116 T.C. at 448. We find that petitioner had reasonable cause for the position taken on her return regarding the pension contribution and acted in good faith.  See sec. 6664(c)(1). Petitioner, knowing that she was entitled to deduct her pension contribution, mistakenly believed she was entitled to deduct it on line 19 of her Schedule C which was labeled as "Pension and profit-sharing plans".  See sec. 1.6664-4(b), Income Tax Regs. (stating that a honest mistake of law may indicate reasonable cause and good faith).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.