## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2015, 9:23 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Douglas L. Biege
Drayton, Biege, Sirugo & Elliott, LLP
LaPorte, Indiana

ATTORNEY FOR APPELLEE

Bradley J. Adamsky
Newby, Lewis, Kaminski & Jones, LLP
LaPorte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the matter of the Donald L. Colbert Living Trust dated 5-27-2008 created by Settlor, Donald L. Colbert,

Barbro Colbert,

*Appellant,*

v.

Katherine Colbert Kraek,

*Appellee.*

March 30, 2015

Court of Appeals Case No. 46A03-1408-TR-287

Appeal from the LaPorte Superior Court; The Honorable Richard R. Stalbrink, Jr., Judge; 46D02-1402-TR-11

**May, Judge.**

[1] One of the named beneficiaries of the Donald L. Colbert Living Trust, Colbert's widow, Barbro, appeals an "Order Providing for the Interpretation of a Living Trust for [Colbert's Daughter] Katharine Colbert Kraeck and the Credit Shelter Trust." (App. at 4.) Barbro argues on appeal the trial court improperly interpreted the Trust provisions in such a way that the Marital Share portion of the Trust was not funded.[1]

[2] We affirm.

## Facts and Procedural History

[3] In 2008, Donald Colbert ("Colbert") created the Donald L. Colbert Living Trust. The named beneficiaries were Donald's wife, Barbro, and his daughter, Katherine Kraeck. Colbert died June 19, 2013. His will provided all his assets would pour into the Trust. The corpus of the Trust included personal property worth about two million dollars.

[4] Article Seven of the Trust, "Creation of Trust Shares Upon My Death," provides "If my wife survives me, my Trustee shall divide the remaining trust property into two separate shares as provided in Section 7.01 and Section 7.02. One share shall be designated the 'Marital Share' and the other share shall be designated the 'Non-Marital Share.'" (*Id.* at 91). Barbro survived Colbert.

---

[1] As the trial court correctly interpreted the Trust language in a manner that reflected Colbert's intent, we do not address Barbro's alternative argument that the trial court should have reformed the Trust so that it would conform to Colbert's intent.

The Trust assets were to be divided differently depending on the status of the federal estate tax.[2] Section 7.01, "Division of my Trust (No Federal Estate Tax)," provided:

> If there is no federal estate tax in effect at my death and Section 1022 of the Internal Revenue Code is in effect, my Trustee shall allocate to the Non-Marital Share assets from the remaining trust property selected by my Trustee that shall collectively have a sufficient amount of appreciation to fully utilize the entire aggregate basis increase allowed under Section 1022(b) of the Internal Revenue Code.
>
> From the remaining trust property, my Trustee shall allocate to the Marital Share trust property selected by my Trustee that, taking into account any other property passing to my wife by reason of my death (whether under or outside of this agreement) shall collectively have a sufficient amount of appreciation to fully utilize the spousal property basis increase available to my estate under Section 1022(c) of the Internal Revenue Code.

(*Id.*). The remaining Trust property would be allocated to the Non-Marital Share.

Section 7.02, "Division of My Trust (Federal Estate Tax Exists)," provided:

> If federal estate tax is in effect at my death, my Trustee shall divide the remaining trust property into the Marital Share and the Non-Marital Share as provided in this Section.
>
> (a)  Creation of the Marital Share

---

[2] When Colbert created the Trust in 2008 he presumably contemplated a changed federal estate tax scheme depending on when he died. The Economic Growth and Tax Relief Reconciliation Act of 2001 gradually reduced the maximum federal estate tax rate and gradually increased the applicable exclusion amount from $1 million in 2002 to $3.5 million in 2009. The federal estate tax was reinstated for 2010 with a five million dollar applicable exclusion amount. *Steingass v. Steingass*, 2012-Ohio-1647, ¶¶ 3-5 (Ohio Ct. App. 2012).

My Trustee shall allocate to the Marital Share a fractional share of the remaining trust property calculated as follows:

    (1)    The Numerator

The numerator of the fraction shall equal the minimum value, assuming the value qualifies for the federal estate tax marital deduction, sufficient to reduce the federal estate tax to the lowest possible amount. In computing the numerator, my Trustee shall take into account my gifts (including gifts treated as made by me) and all deductions, exclusions, credits and reductions in value allowed in computing such tax; provided, however, that any state death tax credit shall be taken into account for this purpose only to the extent that it does not increase the amount of state death taxes payable.

    (2)    The Denominator

The denominator shall consist of the value of the remaining trust property as finally determined for federal estate tax purposes.

The Marital Share shall carry its *pro rata* share of the income, provided that in no event shall the Marital Share receive less income than that required to be paid to my wife under applicable state law.[3]

(*Id*. at 92) (footnote and emphasis added).

---

[3] We acknowledge Barbro's assertion "the result of the trial court's interpretation disinherits Barbro Colbert completely, leaving the entire trust to Katherine Kraeck." (Reply Br. of Appellant/Barbro Colbert at 5.) It is not apparent Barbro is "disinherit[ed] . . . completely." Section 7.02 includes the language "in no event shall the Marital Share receive less income than that required to be paid to my wife under applicable state law." Furthermore, Article Six of the Trust explicitly provides "any tangible personal property not disposed of by a written memorandum" is to be distributed to Barbro. The parties do not direct us to a written memorandum that otherwise disposes of any tangible personal property. Katherine also notes any jointly held property would pass to Barbro by operation of law.

[7] On Barbro's death, the Marital Trust would terminate and the remainder would be administered pursuant to Section Nine, the Trust for Katharine Colbert Kraeck.

[8] When Colbert died in June 2013, the federal estate tax was in effect and Section 1022 of the Internal Revenue Code was not. Barbro asked the trial court to determine the proper funding of the marital share and the non-marital share of the Trust. The trial court entered an Order Providing for the Interpretation of a Living Trust for Katharine Colbert Kraeck and the Credit Shelter Trust, (*id*. at 4), in which it determined the Marital Share would not be funded and the funding would instead be directed to the Credit Shelter Trust of which Colbert's daughter was beneficiary.

## Discussion and Decision

[9] The interpretation of a trust document is a question of law for the court. *Kristoff v. Centier Bank*, 985 N.E.2d 20, 23 (Ind. Ct. App. 2013), *trans. denied*. The primary purpose of the court in construing a trust instrument is to ascertain and give effect to the settlor's intent. *Id*. Indiana follows "the four corners rule," which provides extrinsic evidence is not admissible to add to, vary or explain the terms of a written instrument if the terms of the instrument are susceptible of a clear and unambiguous construction. *Id*. Thus, if a trust document is capable of clear and unambiguous construction, we must give effect to the trust's clear meaning without resort to extrinsic evidence. *Id*. We are not at liberty to rewrite the trust agreement. *Id*. If a trust must be interpreted, its

interpretation is a question of law we review *de novo*, giving no deference to the trial court's interpretation. *Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 531 (Ind. 2006).

[10] Trust language is ambiguous only if reasonable people could come to different conclusions about its meaning, but a trust is not ambiguous merely because the parties disagree as to its interpretation. *Kelly v. Estate of Johnson*, 788 N.E.2d 933, 935 (Ind. Ct. App. 2003), *trans. denied*. We cannot "interpret" an unambiguous trust or will; we can construe such a document to determine the testator's intent only if there is ambiguity in need of interpretation. *Unborn Beneficiaries of Kreigh Family Trust v. Kreigh*, 554 N.E.2d 1167, 1168 (Ind. Ct. App. 1990). It is contrary to basic rules of contract interpretation to fail to give plain meaning to an unambiguous contract term that exists in the document. *In re Stephen L. Chapman Irrevocable Trust Agreement*, 953 N.E.2d 573, 580 (Ind. Ct. App. 2011) (applying rule to interpretation of trust language), *trans. denied*.

[11] The portion of the Trust document that addresses creation of Trust shares on Colbert's death has two sections. Section 7.01, "Division of my Trust (No Federal Estate Tax)," applies "[i]f there is no federal estate tax in effect at my death and Section 1022 of the Internal Revenue Code is in effect."[4] Section

---

[4] Despite numerous references throughout the briefs, neither party provides a full citation to "Section 1022." They are presumably referring to 26 U.S.C. § 1022. The parties agree section 1022 was not in effect when Colbert died.

7.02, "Division of My Trust (Federal Estate Tax Exists), applies "[i]f federal estate tax is in effect at my death."  As explained in note two above, the federal estate tax was in effect when Colbert died; therefore the trial court correctly determined the Trust property should be divided pursuant to Section 7.02, "Division of My Trust (Federal Estate Tax Exists)."  (App. at 92.)

[12]  Under Section 7.02, the allocation of the Trust property to the Marital Share is determined by the following formula:

> My Trustee shall allocate to the Marital Share a fractional share of the remaining trust property calculated as follows:
>
> (1)  The Numerator
>
> The numerator of the fraction shall equal the minimum value, assuming the value qualifies for the federal estate tax marital deduction, sufficient to reduce the federal estate tax to the lowest possible amount.  In computing the numerator, my Trustee shall take into account my gifts (including gifts treated as made by me) and all deductions, exclusions, credits and reductions in value allowed in computing such tax; provided, however, that any state death tax credit shall be taken into account for this purpose only to the extent that it does not increase the amount of state death taxes payable.
>
> (2)  The Denominator
>
> The denominator shall consist of the value of the remaining trust property as finally determined for federal estate tax purposes.

[13]  As the marital deduction exceeded the value of Colbert's estate, the numerator, *i.e.*, "the minimum value, assuming the value qualifies for the federal estate tax marital deduction, sufficient to reduce the federal estate tax to the lowest

possible amount" is zero.[5]  The trial court therefore correctly determined the Marital Share would not be funded, and we affirm its judgment.

Affirmed.

Barnes, J., and Pyle, J., concur.

---

[5] Barbro asserts "the minimum value of the estate to reduce the federal estate tax would be the value of the entire corpus/estate," (Barbro Colbert/Appellant's Br. at 12), relying on the phrase "assuming the value qualifies for the federal estate tax marital deduction."  She offers no explanation or citation to authority to support the premise that language has that effect.  We accordingly decline to reverse the trial court on that ground.  *See, e.g.*, *Dickes v. Felger*, 981 N.E.2d 559, 562 (Ind. Ct. App. 2012) (a party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record).